UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA MCCORMACK,

    Plaintiff,

Case No. 15-cv-14507
Hon. Matthew F. Leitman

v.

CITY OF WESTLAND, *et al.*,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING EXAMINATIONS (ECF #42)**

In this civil action, Plaintiff Maria McCormack ("McCormack") has sued the City of Westland, the Wayne Westland Fire Association, Highland Landscape and Snowplowing, and a number of individually-named defendants (collectively, the "Defendants") for entering McCormack's yard and taking or damaging her property. (*See* Compl., ECF #1.) The Westland Defendants (i.e., all Defendants other than Highland Landscape and Snowplowing) have demanded that McCormack submit to an independent examination of her mental condition by a mental health professional (the "Requested Examination"). McCormack has moved for a protective order prohibiting the Westland Defendants from obtaining the Requested Examination (the "Motion"). (*See* ECF #42.) The Westland

1

Defendants responded to the Motion on January 26, 2017. (*See* ECF #45.)  For the reasons described below, the Court **GRANTS** the Motion.

Rule 35 of the Federal Rules of Civil Procedure ("Rule 35")[1] provides that the Court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  The Court may compel a party to submit to an examination "only on motion for good cause." Fed. R. Civ. P. 35(a)(2).  Thus, Rule 35 "requires that a party's condition must be in controversy and further requires that good cause exist for the examination." *Johnson v. Peake*, 273 F.R.D. 411, 412 (W.D. Tenn. 2009).  These two requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

---

[1] Courts usually apply Rule 35 when the party *seeking* an independent medical examination files a motion to compel such examination.  Although here McCormack has preemptively filed the Motion to *avoid* an independent medical examination, the Rule 35 standard nonetheless applies.  Indeed, both parties have directed the Court to case law applying the rule. (*See* Motion, ECF #42 at 12-14, Pg. ID 449-51; Response, ECF #45 at 4-5, Pg. ID 468-69.)

McCormack and the Westland Defendants agree that a plaintiff's mental condition is "in controversy" only when one or more of the following factors listed in *Johnson*, 273 F.R.D. at 412, are present:

(1) a tort claim is asserted for intentional or negligent infliction of emotional distress;

(2) an allegation of a specific mental or psychiatric injury or disorder is made;

(3) a claim of unusually severe emotional distress is made;

(4) plaintiff intends to offer expert testimony in support a claim for emotional distress damages; and/or

(5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

(*See* Motion, ECF #42 at 13, Pg. ID 450; Response, ECF #45 at 4, Pg. ID 468.)

The Westland Defendants have failed to persuade the Court that any of the *Johnson* factors apply here. They make only general and unsupported allegations that the incidents in McCormack's yard have "left her paranoid" and that McCormack's requested damages amount indicates that she is making a claim for "unusually severe emotional distress." (ECF #45 at 4-5, Pg. ID 468-69.) In *Schlagenhauf,* the Supreme Court deemed similar conclusory allegations insufficient to warrant a Rule 35 examination. *See Schlagenhauf*, 379 U.S. at 119-20. And in *Johnson* the court held that a plaintiff's mental condition was not "in controversy" where, like McCormack, the plaintiff sought only "garden variety"

3

emotional distress damages. *Johnson*, 273 F.R.D. at 412-13. Notably, the Westland Defendants have not cited a single case in which any federal court has granted a request for a Rule 35 examination that was supported with arguments like those advanced by the Westland Defendants. Indeed, the Westland Defendants have not cited a single case in which any court has granted a request for a Rule 35 examination under any circumstances. Simply put, the Westland Defendants' perfunctory arguments in support of the Requested Examination fall far short of the showing required to justify a Rule 35 examination.

Accordingly, the Motion is **GRANTED**. McCormack shall not be required to submit to any examination under Rule 35.

**IT IS SO ORDERED.**

/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113