UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA MCCORMACK,

    Plaintiff,

v.

CITY OF WESTLAND, *et al.*,

    Defendants.

Case No. 15-cv-14507
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF #72) AND BRIEFLY EXTENDING TIME FOR PLAINTIFF TO RETAIN NEW COUNSEL

In this civil action, Plaintiff Maria McCormack ("McCormack") asserts that the City of Westland, the Wayne Westland Fire Association, Highland Landscape and Snowplowing, and a number of individually-named defendants violated her constitutional rights. (*See* ECF #32.) At a settlement conference on October 17, 2017, the parties reached a settlement and placed the materials terms of that settlement on the record. (*See* ECF #66.) However, the parties have not been able to reduce their settlement to a mutually-acceptable formal settlement agreement.

Attorney Elizabeth Downey represented McCormack from the inception of this action. On January 5, 2018, Downey filed a motion to withdraw as counsel for McCormack and for an attorney lien for reasonable fees and for expenses advanced. (*See* ECF #67.) In the motion, Downey stated that "[t]he attorney-client relationship

1

between Plaintiff and [herself] has been deteriorating for some time" and that, as a result, she could no longer properly continue to represent McCormack. (*Id.* at ¶ 1, Pg. ID 891.) Downey also wrote in the motion that McCormack said "so be it" when Downey told McCormack that she (Downey) would be moving to withdraw as counsel. (*Id.* at ¶5, Pg. ID 892.)

On January 18, 2018, the Court entered an order in which it granted Downey's motion to withdraw and for an attorney's lien (the "Order") (*See* ECF #70.) The Order – which Downey was required to serve (and did serve) upon McCormack – directed McCormack to retain new counsel or state her intention to proceed *pro se* by February 20, 2018. (*See id.*) The Court entered the Order without holding a hearing.

McCormack has now filed an "Objection, Response [] [and] Motion for Reconsideration Re: Attorney Withdrawl [sic] Due to Misleading Improper Notice" directed at the Order (the "Motion for Reconsideration"). (*See* ECF #72.) McCormack seeks reconsideration on the basis that (1) the motion to withdraw misrepresented both McCormack's consent to the withdrawal and McCormack's position concerning settlement and (2) Downey misled her into believing that there would be a hearing on the motion. (*See id.*)

For the reasons stated below, the Court **DENIES** the Motion for Reconsideration.

2

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(h). The Court will not reconsider the Order because the Court's ruling on Downey's motion to withdraw would have been the same in the absence of the alleged errors about which McCormack complains.

First, the Court's decision to grant Downey's motion did not rest upon Downey's allegedly-inaccurate description of McCormack's statements or conduct. Instead, the Court granted the motion because Downey, an experienced and well-respected attorney, expressed her view that her attorney-client relationship with McCormack had deteriorated beyond repair. It did not matter to the Court – and does not matter to the Court – who is to blame for the breakdown of the attorney-client relationship or whether McCormack shares Downey's view that the relationship has broken down. The key factor for the Court in allowing Downey to withdraw was Downey's belief that she could no longer properly continue as McCormack's counsel, and that factor would have existed even if McCormack had been able to present her views of her relationship and communications with Downey.

Second, a hearing on Downey's motion would not have changed the disposition of the motion. As explained above, the Court would have permitted

3

Downey to withdraw even if McCormack had appeared at a hearing and opposed the motion or otherwise attacked Downey's asserted basis for the motion. Moreover, the Court's standard practice is to give a client thirty days to retain counsel following an attorney withdrawal. The Court would not have deviated from that practice even if McCormack had appeared at a hearing because this is an older case that needs to be completed without undue delay. And new counsel's role would be a circumscribed one. The sole task remaining is to iron out the final details of the written settlement agreement. Finally, the Court would have granted Downey's request for an attorney lien at a hearing. The Court has witnessed the substantial amount of highly-effective work Downey has performed on behalf of McCormack, and the Court has no doubt that Downey is entitled to compensation for the excellent result she achieved on McCormack's behalf.

In sum, McCormack cannot show that the correction of the alleged errors she identifies would have led to a different disposition of Downey's motion to withdraw. Accordingly, **IT IS HEREBY ORDERED** that McCormack's Motion for Reconsideration is **DENIED**. However, the Court will extend McCormack's time to retain new counsel if she so chooses. The Court grants this extension because it is possible that McCormack did not begin searching for new counsel while her Motion for Reconsideration was pending. By not later than **March 5, 2018,** McCormack shall have new counsel file a written Appearance on the docket or shall

indicate to the Court in writing (by letter addressed to the Clerk of the Court, 231 West Lafayette Blvd., Detroit, MI 48226, which letter shall reference the case name and case number) that she intends to represent herself. The failure by McCormack to comply with the March 5, 2018 deadline may result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

5