UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA MCCORMACK,

    Plaintiff,

Case No. 15-cv-14507
Hon. Matthew F. Leitman

v.

CITY OF WESTLAND, *et al.*,

    Defendants.

_____/

## **ORDER OF DISMISSAL WITH PREJUDICE**

As this Court has outlined in two previous orders (*see* ECF ## 90, 94), the parties to this action entered into a binding settlement agreement and placed that agreement on the record at the conclusion of a settlement conference held on October 17, 2017. The Court and the parties then clarified certain terms of the agreement on the record during a subsequent status conference held on December 18, 2017. (*See* Tr., ECF #80.) But as further detailed in this Court's prior orders, Plaintiff has refused to execute the documents necessary to memorialize and finalize the agreed-upon and binding settlement. (*See* ECF ## 90, 94.) The Court has carefully considered and rejected all of Plaintiff's arguments as to why she should not be required to execute the documents memorializing the settlement to which she agreed. (*See id.*)

1

On August 20, 2018, this Court entered an order directing the Defendants to send to Plaintiff (1) written settlement agreements reflecting the agreed-upon terms that were placed on the record and (2) an I.R.S. Form W-9. (*See* ECF #94 at Pg. ID 1246.) In the same order, the Court directed Plaintiff to execute the settlement agreements and W-9 Forms that Defendants sent to her. (*See* ECF #94 at Pg. ID 1246.) The Court further ordered to Plaintiff to file on the Court's docket, by not later September 11, 2018, a certificate confirming that she executed these documents and returned them to Defendants. (*See id.*) The Court advised Plaintiff that her failure to execute the agreements, complete the W-9 Forms, return them to Defendants, and file the required certificates would result in the dismissal of this action with prejudice. (*See id.* at Pg. ID 1248.)

The Defendants have filed certifications with the Court confirming that they complied with the Court's order and sent the settlement agreements and W-9 forms to the Plaintiff. (*See* ECF ## 95, 96.) But Plaintiff has not fulfilled her obligations under the Court's order. She has not filed the required certificate confirming that she executed the settlement agreements, completed the W-9 Forms, and returned them to the Defendants. (And, given Plaintiff's prior adamant opposition to complying with the agreed-upon settlement terms, the Court has no reason to believe that Plaintiff signed the documents, returned them to Defendants, and then simply failed to file the required certificate.)

Under these circumstances, dismissal of Plaintiff's Complaint with prejudice is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. That rule authorizes district courts to involuntarily dismiss an action where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order…" In this Circuit, courts consider four factors in determining whether dismissal under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Here, the balance of these factors weighs in favor of dismissal.

First, Plaintiff has willfully refused to comply with the Court's August 20, 2018, order requiring her to execute the settlement documents and to file a certification confirming that she did so. (*See* ECF #94.) Indeed, she has announced her intent not to fulfill her court-ordered obligation to settle: "The Court can issue any order it chooses but [Plaintiff] hopes the Court also realizes that she cannot and will not sign the settlement agreement which waives her right to appeal." (Pl.'s Resp. to Mot. To Enforce Settlement, ECF #89 at Pg. ID 1147.) Plaintiff's intentional choice not to fulfill her obligations under the order constitutes, at a minimum, "a

3

reckless disregard for the effect of [her] conduct on those proceedings." *Schafer*, 529 at 737 (describing level of conduct that amounts to willfulness under the rule).

Second, the Defendants have been prejudiced by Plaintiff's failure to comply with her obligations under the Court's order. "[F]or purposes of the second factor, [] a defendant is prejudiced by the plaintiff's conduct where the defendant waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* (internal quotation marks omitted). Here, Defendants incurred legal fees when their attorneys drafted the settlement agreements that Plaintiff was obligated to execute, and Defendants will suffer prejudice if they do not obtain the benefit of the fees expended on the settlement documents – *i.e.*, the dismissal of this action with prejudice.

Third, the Court expressly advised Plaintiff that her failure to execute the settlement documents, return them to Defendants, and file the required certificate would result in dismissal of her action. (*See* ECF # 94 at Pg. ID 1248.)

Finally, the Court has considered lesser sanctions, but none would be appropriate here. As noted above, Plaintiff has made clear that she will not execute the settlement documents memorializing the terms that she agreed to on the record. Thus, there is no reason to believe that any sanction short of dismissal with prejudice will yield compliance with the Court's order.

4

Under all of these circumstances, dismissal with prejudice is the appropriate sanction under Rule 41(b) for Plaintiff's refusal to comply with the Court's order. Numerous courts have dismissed (or affirmed dismissals) of actions under this rule where a plaintiff failed to comply with a court order requiring the execution of settlement documents. *See, e.g., Lewis v. School Dist. #70*, 648 F.3d 484 (7th Cir. 2011); *Gugliara v. Jones*, 2010 WL 3257765 (E.D.N.Y. July 12, 2010), report and recommendation adopted at 2010 WL 3257739 (E.D.N.Y. Aug. 16, 2010); *Cho v. Tomczyk*, 2007 WL 3254294 (E.D.N.Y. Nov. 2, 2007). The result here should be the same. Accordingly, **IT IS HEREBY ORDERED** that this action is **DISMISSED WITH PREJUDICE.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764